UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK; CENTRAL ISLIP
-------------------------------------------------------------------------X
MICHAEL C. GAMBUZZA,

                    Plaintiff,

- against -

U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC1 and OCWEN LOAN SERVICING LLC,

                    Defendants.
-------------------------------------------------------------------------X

Civil Action No.
17-5944

**VERIFIED**
**COMPLAINT**

Plaintiff, by its attorneys The Fisher Law Firm P.C., complaining of the defendants, herein alleges as follows:

1. At all the times hereinafter mentioned, Plaintiff was and still is an individual residing in the County of Suffolk, State of New York.

2. Upon information and belief, the above-captioned defendant U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC1 ("U.S. Bank, as Trustee") is a banking corporation or trust, organized and existing under the laws of the State of Delaware, holding multiple, residential notes and mortgages, with an address at c/o Ocwen Loan Servicing LLC, 1661 Worthington Road - Suite 100, West Palm Beach, FL 33409.

3. Upon information and belief, the defendant OCWEN LOAN SERVICING LLC ("Ocwen") is loan servicing agent and/or owner and/or investor in residential notes and mortgages, with principal offices at 1661 Worthington Road - Suite 100, West Palm Beach, FL 33409.

4. On October 20, 2006, Plaintiff Michael C. Gambuzza purchased the premises commonly known as 157 Magnolia Drive, Mastic Beach, NY 11951, and tax map designation District 0200, Section 979.00, Block 03.00, Lot 017.000 (the "Subject Premises") from George J. Montella and Richard A. Thompson, and the deed to the Subject Premises were transferred to Michael C. Gambuzza on the same date, and recorded in the Suffolk County Clerk's Office on November 2, 2006, in Liber 12477, Page 22.

5. Also on October 20, 2006, Plaintiff executed and delivered to New Century Mortgage Corporation, a promissory note (the "Note") whereby Plaintiff promised to pay the sum of $229,000.00, with interest.

6. As security for the payment of the Note, Plaintiff executed and delivered to New Century Mortgage Corporation, a Mortgage in the amount of $229,000.00, dated October 20, 2006, and recorded in the Suffolk County Clerk's Office on January 22, 2007, in Liber 21458, Page 697.

7. According to a statement dated September 18, 2017, received by the Plaintiff from Defendant Ocwen, there is still a balance on the subject loan in excess of $300,000.00.

8. On May 16, 2008, the Note and Mortgage were transferred to LaSalle Bank National Association, as Trustee for GSAMP Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC1 ("LaSalle Bank"), and said transfer was evidenced by an assignment of mortgage dated May 16, 2008, and recorded in the Suffolk County Clerk's Office on June 6, 2008, in Liber 21717, Page 013.

9. On May 21, 2008, LaSalle Bank filed a summons and complaint against the Plaintiff in the Suffolk County Supreme Court action entitled <u>LaSalle Bank National Association as Trustee for GSAMP Trust 2007-NC1 v. Michael Gambuzza</u>, et al., Index No. 19010/2008 (the "Foreclosure Action"), wherein LaSalle Bank claimed that Plaintiff failed to comply with the conditions of the Note and Mortgage by failing and omitting to pay amounts due thereunder.

10. As part of the complaint in the Foreclosure Action, in paragraph "FIFTH" thereof, LaSalle Bank explicitly elected to call due the <u>entire amount</u> secured by the Mortgage. The complaint went on to state, in paragraph "SIXTH" thereof, that "There is <u>now</u> due and owing on said mortgage, the following amounts:" [emphasis added], and went on to list the entire principal balance on the Note and Mortgage, the interest rate and the date from which it accrued and the escrow balance.

11. Accordingly, because LaSalle Bank elected to call due the entire amount secured by the Mortgage prior to the end of the original 30-year term of the loan, thus accelerating the loan, the six-year statute of limitations for bringing an action to foreclose on the Mortgage, pursuant to CPLR §213(4), began to run on May 21, 2008, the day that the summons and complaint in the Foreclosure Action were filed with the Court.

12. On November 21, 2012, the Honorable Arlen Spinner of the Suffolk County Supreme Court issued an Order dismissing the Foreclosure Action on the grounds that, after a substantial delay in the Foreclosure Action, and that court having held a conference with plaintiff's counsel present, and having issued directives to the plaintiff as to the resumption of prosecution of the Foreclosure Action, the plaintiff failed and neglected to comply with those directives.

13. After the commencement of the Foreclosure Action on May 21, 2008, the Note and Mortgage were transferred to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee under Pooling and Servicing Agreement dated February 1, 2007, GSAMP Trust 2007-NC1, as evidenced by an assignment of mortgage dated November 2, 2009, and recorded in the Suffolk County Clerk's Office on November 16, 2009, in Liber 21882, Page 241. Thereafter, the Note and Mortgage were further transferred to Defendant U.S. Bank, National Association, as Trustee under the Pooling and Servicing Agreement dated as of February 1, 2007, GSAMP Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1 ("U.S. Bank, as Trustee"), as evidenced by an assignment of mortgage dated April 1, 2013, and recorded under the wrong tax map designation in the Suffolk County Clerk's Office on June 19, 2013, in Liber 22351, Page 348.

14. In or about 2015, counsel for plaintiff in the Foreclosure Action filed a motion attempting to vacate the dismissal of the Foreclosure Action and restore the Foreclosure Action to the calendar. That motion was denied by Order of the Suffolk County Supreme Court dated November 4, 2015.

15. Defendant Ocwen Loan Servicing LLC now services the subject loan for U.S. Bank, as Trustee, and may have a further interest in the Note and Mortgage as cannot be determined by the Plaintiff herein.

16. Since the dismissal of the Foreclosure Action on November 21, 2012, apart from the motion to vacate the dismissal in 2015, neither of the Defendants hereto have taken action to foreclose the Mortgage. Further, the Plaintiff herein has made no payment on the subject loan since the Foreclosure Action was commenced, and the Plaintiff herein has not modified or re-affirmed the subject loan.

17. Pursuant to NY CPLR §213(4), the six-year statute of limitations for bringing an action to foreclose on the Mortgage expired on May 20, 2014, six years from the date that LaSalle Bank chose to accelerate the Note and Mortgage by commencing the Foreclosure Action.

18. At no point did LaSalle Bank or its successors in interest, including the Defendants herein, gain possession of the Subject Premises.

19. Plaintiff herein still has sole possession of the Subject Premises.

20. Therefore, Plaintiff, by reason of his interest in the Subject Premises, demands the cancellation and discharge of the Mortgage pursuant to RPAPL §1501(4), and his interest in the Subject Premises be free of said encumbrance.

21. Pursuant to NY Real Property Law §282, Plaintiff herein also demands from Defendants reimbursement for all reasonable legal fees and costs and/or expenses incurred by the Plaintiff in this action.

22. No other action or proceeding is now proceeding at law or otherwise for the foreclosure of said Mortgage or for the relief requested herein.

WHEREFORE, Plaintiff hereby demands, (1) pursuant to section 1501(4) of the NY RPAPL, that the Court issue a judgment and order directing the Defendants, at their own expense, to cancel and discharge the Mortgage dated October 20, 2006, and recorded in the Suffolk County Clerk's Office on January 22, 2007, in Liber 21458, Page 697, and adjudging that the Plaintiff's interest in the property at 157 Magnolia Drive, Mastic Beach, New York, District 0200, Section 979.00, Block 03.00 and Lot 017.000, be free therefrom, (2) pursuant to section 282 of the NY RPL, the reasonable legal fees and the costs and/or expenses incurred by the Plaintiff in this action, and such other and further relief, as may be just, proper and equitable.

Dated: Deer Park, New York
       October \_\_11\_\_, 2017

                       Yours etc.,

                       THE FISHER LAW FIRM P.C.
                       *Attorneys for Plaintiff*

By: _____
                       Charles J. Fisher, Esq.
                       375 Commack Road - Suite 204
                       Deer Park, NY 11729
                       Tel: (631) 456-4842

## VERIFICATION

The undersigned affirms under penalty that (s)he is the plaintiff referenced in the foregoing complaint. The undersigned affirms that (s)he has read the foregoing complaint, that the contents of the foregoing complaint are based upon the records and information provided to him or her by the plaintiff and that (s)he knows the contents of the complaint to be true, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, the undersigned believes them to be true.

Dated: Deer Park, New York
October 11, 2017

Name: MICHAEL C. GAMBUZZA

Sworn to before me this
11th day of October, 2017

NOTARY PUBLIC

CHARLES J. FISHER, JR.
Notary Public, State of New York
Registration #02FI5059589
Qualified In Suffolk County
Commission Expires April 29, 2018

6